PER CURIAM:
Claimant brought this action for vehicle damage which occurred as a result of an encounter with a hole after claimant exited Harper Road (Route 3) onto Harper Park Drive, a road maintained by respondent in Raleigh County. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on February 11, 1998, at about 6:30 - 7:00 p.m. After having been at work, claimant was traveling home on Harper Park Drive, a two lane highway that is twenty feet wide with ten feet per lane. At the time in question, visibility was near zero due to fog and some snow on the road. There was no lighting in the area. Claimant was proceeding along Harper Park Drive at about ten to twenty miles per hour. Due to the inclement weather conditions, claimant carefully navigated her vehicle close to the right berm of the road. Suddenly, claimant was blinded by the lights of an oncoming truck. Her vehicle then struck a hole on the right side of the road. Having recently moved to the area, claimant asserted that she had not observed this hole priorto February 11,1998. After her vehicle hit the hole and traveled about five feet, she got out and inspected her 1993 Nissan Sentra. The vehicle’s tires were damaged and the vehicle pulled to one side. The condition of claimant’s vehicle required her to obtain a rental vehicle. The resulting damage to claimant’s vehicle was $882.01, not including rental cost of $286.20 and $40.00 in emergency repairs on the night of the incident, required for claimant to drive her vehicle from the scene. However, claimant had insurance coverage which covered all but $576.20 of her total damages.
Shortly after the accident, acquaintances of claimant took photographic evidence of Harper Park Drive and the hole in question for use in her claim.
Respondent denied prior knowledge of the hole in question. However, respondent had an office on George Street, which is an adjacent street to Harper Park Drive. According to respondent’s daily reports, no work was done since December, 1997, nor were there any further complaints made about this portion of Harper Park Drive. Respondent acknowledged that Harper Park Drive was not regularly inspected.
The well established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of motorists upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive notice. Pritt *36 vs. Dept. of Highways, 16 Ct Cl. 8 (1985); Harmon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986).
In the present case, the evidence established that respondent was put on notice about the hole on Harper Park- Drive. The photographic evidence offered by claimant at the May 7, 1999, hearing established that respondent knew or should have been put on notice that the hole in question was a hazard. The Court is of the opinion that respondent did not take reasonable steps to ensure the safety of those using Harper Park Drive. Respondent should have been more vigilant. Consequently, there is sufficient evidence of negligence to base an award.
In view of the foregoing, the Court makes an award in the amount of $576.20 to claimant for the damages to her vehicle.
Award of $576.20